UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

GRACE A. SMITH,

    Petitioner,

v.

UNITED STATES OF AMERICA,
DOUG SHULMAN, Commissioner
of Internal Revenue, JEANETTE C.
SKOWRON Revenue Agent, and
GROUP MANAGER 1321,

    Respondents.
_____/

Case No. 12-51536

Honorable Sean F. Cox
Magistrate Judge Laurie J. Michelson

### REPORT AND RECOMMENDATION ON PETITION TO QUASH [1] AND MOTION TO DISMISS [6]

The Internal Revenue Service ("IRS") contends that Petitioner Grace A. Smith ("Petitioner" or "Smith") has failed to file federal income tax returns for tax years 2007 - 2011. (Dkt. 6, Mot. Dismiss, Ex. 1, Decl. of Revenue Agent Skowron, ¶ 3.) Thus, in an effort to determine Ms. Smith's tax liability, the IRS served an Administrative Summons on third-party CP Federal Credit Union seeking certain financial information pertaining to Ms. Smith. (*Id.*, ¶¶ 3, 6.) After receiving notice of the Summons, Smith filed a Petition to Quash. (Dkt. 1, Pet. Quash.) The United States of America ("Government" or "Respondent") subsequently filed a Motion to Dismiss the Petition for lack of subject matter jurisdiction on the ground that the Petition was not timely filed and thus does not comply with the United States' limited waiver of sovereign immunity. (Dkt. 6, Mot. Dismiss.) The Government further contends that the Petition should be quashed because it was not properly served and the IRS issued the Summons in good faith. (*Id.*) The motions are fully briefed (Dkts. 9, 10) and have been referred to this Court for a report and recommendation. (Dkts. 2, 7.) The Court has reviewed the parties' briefs and concludes that oral argument will not significantly aid in

resolving the motions. *See* E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the Court RECOMMENDS that the Government's Motion to Dismiss the Petition be GRANTED and Petitioner's Motion to Quash the Petition be DENIED.

## I. BACKGROUND

On October 29, 2012, IRS Revenue Agent Jeanette Skowron ("Skowron") issued an Administrative Summons to CP Federal Credit Union seeking the following documents regarding Ms. Smith:

> 1) Copies of all activity statements;
> 2) Copies of all signature cards for [Smith];
> 3) A record of all safety deposit boxes to include a copy of the rental contract and visitation cards;
> 4) Copies of all financial statements, profit and loss statements, net worth statements, or any documents which disclose assets, liabilities or financial position;
> 5) Identity of all accounts and/entities where transfers to and from the account was made;
> 6) Copies (front and back) of all deposit tickets, cancelled checks, deposit items, withdrawal checks, debits and credits to the account;
> 7) Copies (front and back) of all cashier checks, bank drafts, and/or official checks that were purchased by the above named individuals;

(Pet. Quash, Ex. 1.) The purpose of the IRS' examination was to determine Ms. Smith's correct income tax liabilities for tax years 2007 through 2011. (Decl. of Revenue Agent Skowron, ¶ 3.) The IRS contends that Smith has not filed income tax returns for those years. (*Id*.)

Also on October 29, 2012, Revenue Agent Skowron sent notice of the Summons to Ms. Smith by certified mail in accordance with 26 U.S.C. § 7609(a)(2). (Mot. Dismiss, Ex. 1, Decl. of Revenue Agent Skowron, ¶ 7; Ex. 2.) The directions that accompany the notice advise the subject of the subpoena that "[i]f you object to the summons, you are permitted to file a lawsuit in the

United States district court in the form of a petition to quash the summons in order to contest the merits of the summons." (Mot. Dismiss, Ex. 4.) The General Directions further provide:

> 1. You must file your petition to quash in the United States district court for the district where the person summoned resides or is found.
>
> 2. You must file your petition within 20 days from the date of this notice and pay a filing fee as may be required by the clerk of the court.
>
> 3. You must comply with the Federal Rules of Civil Procedure and local rules of the United States district court.

(Mot. Dismiss, Ex. 3.)

It appears that on November 15, 2012, Plaintiff sent a Petition to Quash Subpoena to Revenue Agent Skowron, CP Federal Credit Union, and the United States District Court for the Eastern District of Michigan by certified mail. (Resp. to Mot. Dismiss, Ex. 1.) The certified mail receipts are dated November 15, 2012 and they were received by Agent Skowron and the Credit Union on November 19, 2012. (*Id.*) The date the Court received its copy is not indicated on the receipt (*id.*), but the docket reflects that the Petition was filed on November 20, 2012 (Dkt. 1). (*See also* Gov't Reply at 1 (noting that "[t]he clerk's stamp on the petition indicates that it was filed on November 20, 2012 at 4:00 pm.").) The Petition alleges that the third-party Summons is improper because (1) the IRS is seeking to harass and pressure Smith, (2) it has no legitimate purpose, and (3) the IRS already possesses the information it needs to determine any tax liability. (Pet. Quash, ¶ 9.)

After the Court directed a response, the Government filed a Motion to Dismiss the Petition pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (4), (5) and (6). (Mot. Dismiss at 1.) The Government asserts that this Court lacks subject matter jurisdiction because Petitioner did not timely file her Petition to Quash. (*Id.* at 5.) Additionally, the Government argues that the Petition to Quash

3

should be denied because it was not served in accordance with Federal Rule of Civil Procedure 4(i) and thus, there is no personal jurisdiction, and because the IRS issued the Summons in good faith. (*Id.*)

## II.   ANALYSIS

### A.   Legal Standard

The Government moves to dismiss the Petition pursuant to Federal Rule of Civil Procedure 12(b). (Mot. Dismiss at 1.) Dismissal is appropriate under Rule 12(b)(1) where the court lacks subject matter jurisdiction over a petitioner's claim. Fed. R. Civ. P. 12(b)(1). The court should review 12(b)(1) challenges before others "since the court must find jurisdiction before determining the validity of a claim." *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 450 (6th Cir. 1988). The Petitioner has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *see also Moir v. Greater Cleveland Reg'l Autho.*, 895 F. 2d 266, 269 (6th Cir. 1990) ("Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion."). If the court finds that it lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *Mori*, 895 F.3d at 269 (reiterating that challenges brought pursuant to other sections of Rule 12 become moot if the court lacks subject matter jurisdiction).

### B.   Plaintiff's Petition To Quash Is Untimely

The IRS is authorized to examine any relevant documentation and summon any person in possession of any relevant information or documentation when conducting a tax investigation. 26 U.S.C. § 7602(a). The IRS may serve a summons upon a third-party record keeper such as a bank or other financial institution in order to obtain financial records or information regarding a person

who is the subject of an investigation by the IRS. 26 U.S.C. § 7609(a). When the IRS serves a summons on a third-party record keeper, the person whose records are the subject of the summons is entitled to notice that the summons has been served. *Id.*; *Clay v. United States*, 199 F.3d 876, 878 (6th Cir. 1999). "Notice of the right to file a petition to quash is 'sufficient' if it is mailed by certified or registered mail to the last known address of the person entitled to notice." *Clay*, 199 F.3d at 878.

A person who is notified that a summons has been issued to a third-party record keeper may contest the summons by filing a petition to quash within twenty days of the date on which notice of the summons was "mailed by certified or registered mail to him by the IRS." *Shisler v. United States*, 199 F.3d 848, 850 (6th Cir. 1999); *see also* 26 U.S.C. § 7609(b)(2)(A) ("Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2)."). The twenty day limit is a jurisdictional requirement. *Clay*, 199 F. 3d at 880; *Shisler v. United States*, 199 F.3d 848, 852 (6th Cir. 1999).

Here, Smith acknowledges that the third-party Summons was mailed to her on October 29, 2012. This would have given Smith until November 18, 2012 to "begin a proceeding" to quash the summons, 26 U.S.C. § 7609(b)(2)(A), except that November 18, 2012 was a Sunday. Under Rule 6(a), Smith therefore had until Monday, November 19, 2012. *Sarnowski v. United States*, No. 3:05MC009, 2005 WL 2715656, at *1 (E.D. Va. Sept. 8, 2005). The Government contends the Petition was untimely because it was not filed until November 20, 2012. Plaintiff responds that the Petition was timely because it was "sent" (by certified mail) on November 15, 2012 which was

before the November 19, 2012 deadline. (Resp. at 1-2.)

Plaintiff's mailings did not begin the proceeding. The case began when the Petition was filed on November 20, 2012. *Sarnowski*, 2005 WL 2715656, at *2 ("[A] taxpayer's mailing of a petition to quash does not constitute timely filing under Section 7609."); *see also Tilley v. United States*, No. 5:03MC1, 2003 WL 22952844, at *2 (W.D.N.C.2003) (rejecting petitioner's argument that "timely mailing is timely filing."). Sixth Circuit case law is not to the contrary:

> Three courts of appeals have held that a petition to quash a third-party recordkeeper summons, which is filed more than twenty days after the date on which notice of the summons is mailed to the taxpayer, must be dismissed for lack of jurisdiction. These courts reasoned that under the doctrine of sovereign immunity, the United States is not subject to suit absent its consent. According to section 7609, the United States has consented to be sued in regard to a third-party recordkeeper summons only if a petition to quash the summons is filed by the taxpayer within twenty days after notice of the summons has been mailed to him. These courts conclude that if the twenty-day requirement is not met, the court lacks jurisdiction to hear the motion to quash.
>
> We agree with this reasoning. The jurisdiction of a district court to hear a proceeding to quash a third-party recordkeeper summons is based on 26 U.S.C. § 7609(h). A proceeding to quash is, in effect, a civil suit against the United States. It is fundamental that the United States, as sovereign, is immune from suit without its consent. The "terms of its consent to be sued in any court determine that court's jurisdiction to entertain the suit," and "[a] statute of limitations requiring that a suit against the Government be brought within a certain time period is one of those terms." Moreover, any waiver of the United States' immunity from suit must be unequivocal.
>
> Because any exercise of a court's jurisdiction over the United States depends on the United States' consent, the waiver of sovereign immunity in regard to 26 U.S.C. § 7609 must be strictly construed. The wording of the statute is clear and unambiguous. The plain language of section 7609(b)(2)(A) mandates that motions to quash must be filed within twenty days from the date notice is given. Subsection (a)(2) states that notice is "sufficient" or "given" on the date notice is mailed by the IRS by certified or registered mail to the

> taxpayer under investigation. As the court in *Faber* stated, "The government's waiver of sovereign immunity ends – and thus jurisdiction ends – when the twenty-day limitation period has run." 921 F.2d at 1119.

*Clay*, 199 F.3d at 879 (citations omitted). The Court ultimately found that "[b]ecause petitioners filed their petition to quash on the twenty-second day after notice of the summonses had been mailed to them, they did not fulfill the condition of the United States' waiver of sovereign immunity, and the district court was without jurisdiction to entertain the suit." *Id.*; *see also Beck v. United States,* 60 F. App.'x 551 (6th Cir. 2003) (affirming grant of summary dismissal of petition to quash third party summons where petition was filed one day beyond the twenty day deadline).

Accordingly, as Smith's mailing of the Petition to the United States District Court for the Eastern District of Michigan resulted in its being filed beyond the 20-day deadline, this Court lacks subject matter jurisdiction over Smith's claims and the Government's Motion to Dismiss the Petition should be granted.[1]

## III.  CONCLUSION AND RECOMMENDATION

For the reasons set forth above, this Court **RECOMMENDS** that Smith's Petition to Quash the IRS Administrative Summons issued to CP Federal Credit Union (Dkt. 1) be **DENIED** and the Government's Motion to Dismiss the Petition to Quash (Dkt. 6) be **GRANTED**.[2]

---

[1] The Court will therefore not address the Government's alternative arguments regarding personal jurisdiction and the propriety of the third-party Summons.

[2] The Court recommends dismissing the Petition against all Respondents as the United States is the only proper party to a petition to quash an IRS Summons. *See Deleeuw v. United States*, 681 F.Supp. 402, 403-04 (E.D. Mich. 1987).

## IV. FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES MAGISTRATE JUDGE

Dated: May 8, 2013

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 8, 2013.

                                                s/Jane Johnson
                                                Deputy Clerk